904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SCHIAVI'S, INC. Respondent
 No. 88-6127.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1990.
 
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 On February 28, 1990, the Court Clerk issued an Order to Show Cause advising the Respondent that an answer to the National Labor Relations Board's petition for adjudication in civil contempt shall be made on or before the 14th of March, 1990, by filing with the Court and serving a copy upon the National Labor Relations Board its sworn answer specifically admitting or denying, or meeting by affirmative defense, each and every allegation of the Board's petition. The Respondent did not thereafter file any answer to the Board's petition. Having considered the Board's motion and the Respondent's failure to respond thereto,
 
 
 2
 IT IS ORDERED AND ADJUDGED that the Respondent is in civil contempt for failing and refusing to comply with the Court's judgment of November 25, 1988.
 
 
 3
 IT IS FURTHER ORDERED that the Respondent, its officers, agents, successors, and assigns shall purge themselves of contempt by:
 
 
 4
 A. Fully complying with and obeying the Court's November 25, 1988 judgment and the provisions of the Board's order thereby enforced, and not in any way, by action or inaction, committing, engaging in, inducing, encouraging, permitting or condoning any violation of the judgment;
 
 
 5
 B. Furnishing the Union with the information it requested which is necessary for and relevant to the performance of its statutory function as the collective-bargaining representative of bargaining unit employees.
 
 
 6
 C. Mailing a copy of the Board Notice to Employees to all unit employees who were employed at the Detroit, Michigan facility as of the time of the Respondent's unfair labor practices, in the manner set in the Court's November 25, 1988 judgment.
 
 
 7
 D. Mailing to all unit employees employed at the Detroit, Michigan facility as of the time of the Respondent's unfair labor practices a copy of the contempt adjudication and a notice in the form prescribed by the Board, and signed by an appropriate representative of Respondent, which states that Respondent has been adjudicated in civil contempt of Court for violating, resisting, disobeying, and failing and refusing to comply with the Court's judgment and that Respondent will take the action in purgation ordered by the Court, and providing to the Director of the Board's Seventh Region a list of the names and addresses of all employees and former employees to whom said notices were mailed, together with proof of mailing.
 
 
 8
 E. Paying to the Board all costs and expenses, including reasonable attorney's fees, incurred by the Board in the investigation, preparation, presentation and final disposition of this proceeding. Said amount, unless agreed to by the parties, shall be fixed by further order of the Court upon submission by the Board, within sixty days of the entry of the adjudication, of a verified statement of such costs and expenses. Should any dispute arise respecting the Board's submission as to which the Court shall determine that a hearing is desirable, the Court, in its discretion, may refer such dispute to a special master, upon such terms as the Court shall determine, for a report and recommendation.
 
 
 9
 F. Filing a sworn statement with the Clerk of this Court and a copy thereof with the Director of the Board's Seventh Region within ten (10) days after entry of the order of adjudication showing what steps have been taken by Respondent to comply with the Court's directions, and making such further reports as the Court may require.
 
 
 10
 In order to verify and ensure compliance with the Court's judgment and contempt adjudication, it is FURTHER ORDERED that the Board may obtain discovery from any person, including Respondent, its officers, agents, representatives, successors and assigns, in the manner provided by the Federal Rules of Civil Procedure, upon any matter reasonably related to compliance with the Court's November 25, 1988 judgment or this contempt adjudication; and that, should a dispute arise between the parties respecting such discovery, upon the motion of any party, the Court shall appoint a special master, with such duties as the Court shall specify to supervise the discovery; and that failure to make discovery in the manner provided by the Federal Rules of Civil Procedure shall be treated as a contempt of this Court;
 
 
 11
 In order to assure against further violations of the Court's orders, the Court hereby imposes a prospective fine against Respondent of $10,000 and against any person with notice and knowledge of this contempt adjudication acting in concert or participation with Respondent of $1,000 for each and every future violation of the Court's judgment and contempt order, and of $1,000 and $100 respectively, for each and every day such violation continues.
 
 
 12
 Upon failure of Respondent to purge itself of civil contempt, the Court shall issue attachment against any agent of Respondent responsible for such non-compliance and reserves the right to take such other and further action and grant such other further relief as may be adjudged just, reasonable and necessary to assure compliance with the Court's judgment and as this proceeding in civil contempt may require.
 
 ENTERED BY ORDER OF THE COURT
 
 13
 Leonard Greed, jr.
 
 Clerk